IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUSTIN DAVIS,
# 12415-029,

        Petitioner,

vs.                                           Case No. 17-cv-294-DRH

UNITED STATES,

        Respondent.

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner Justin Davis, an inmate who is currently incarcerated in Marion USP, brings this habeas corpus action pursuant to 28 U.S.C. § 2241, in order to request that this Court recommend that he receive up to twelve months in a Residential Re-Entry Center ("RRC") under the Second Chance Act, or grant him what RRC time this Court deems appropriate. (Doc. 1). This matter is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the Petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the case shall be **DISMISSED**.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUSTIN DAVIS,
# 12415-029,

        Petitioner,

vs.                                           Case No. 17-cv-294-DRH

UNITED STATES,

        Respondent.

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner Justin Davis, an inmate who is currently incarcerated in Marion USP, brings this habeas corpus action pursuant to 28 U.S.C. § 2241, in order to request that this Court recommend that he receive up to twelve months in a Residential Re-Entry Center ("RRC") under the Second Chance Act, or grant him what RRC time this Court deems appropriate. (Doc. 1). This matter is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the Petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the case shall be **DISMISSED**.

## Background

Petitioner provides little factual background in his Petition. He notes that he was sentenced to a term of 77 months in prison and 4 years supervised release in Case No. 1:12-cr-00095-LRR-1, which was heard in the Northern District of Iowa and decided May 29, 2013. (Doc. 1, p. 1). Petitioner also claims he has fulfilled all of the recommendations of the sentencing court and the Honorable Judge Linda R. Reade. (Doc. 1, p. 2). He claims he is participating in the Residential Drug Abuse Program ("RDAP"). *Id.* Petitioner also attached an education transcript and disciplinary transcript to his Petition, for mitigation purposes. (Doc. 1, pp. 2, 5-6). Petitioner notes in his Petition that many inmates that complete RDAP have their sentence reduced by 12 months. (Doc. 1, p. 2). He also states that he will not receive the reduction, which is why he is seeking the Second Chance Act. *Id.* Petitioner is due for release on August 14, 2018. (Doc. 1, p. 3). Petitioner requests "that this Court recommend the Second Chance Act . . . (18 U.S.C. § 3624) [which] allows inmates to receive up to 12 months in RRC, instead of the 10% rule under 18 U.S.C. § 3621" or, in the alternative, "grant him what RRC time this Court deems appropriate." (Doc. 1, p. 2).

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a prisoner is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the

defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3).

Initially, there is some disagreement among the district courts in the Seventh Circuit as to whether a habeas corpus petition is the proper vehicle to make a claim regarding halfway house placement. *See Woolridge v. Cross*, 2014 WL 4799893 (S.D. Ill. Sept. 26, 2014) (finding that claim must be brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)); *Stokes v. Cross*, 2014 WL 503934, at *2 (S.D. Ill. Feb. 2014) (same); *Moody v. Rios*, 2013 WL 5236747 (C.D. Ill. Sept. 17, 2013) (finding that halfway house placement can be addressed under § 2241); *Feazell v. Sherrod*, 2010 WL 5174355 (S.D. Ill. Dec. 16, 2010) (same); *Pence v. Holikna*, 2009 WL 3241874 (W.D. Wis. Sept. 29, 2009) (same).

Requests for quantum change in the level of custody, such as outright freedom, probation, etc., are typically brought as habeas corpus actions, while requests for a change in the circumstances of confinement are typically brought as civil rights actions. *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1995). "Put differently, if the prisoner is not seeking release, or release is not available as a remedy to the prisoner's claims, then 'his challenge can only concern the conditions of his confinement . . . not the fact of his confinement. As such, he may not proceed with a habeas petition.'" *Stokes v. Cross*, 2014 WL 503934, at *2 (S.D. Ill. Feb. 2014) (citing *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)).

Here, outright release is not an option. In fact, Petitioner does not even request release. Rather, he asks that he be assigned to serve twelve months of his term at an RRC, or that this Court recommend he be assigned accordingly. This would appear to be more like the challenges to requests for work release, transfer between prisons, or changes in housing quarters that have been held to constitute civil rights actions as opposed to habeas corpus proceedings. *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999); *Falcon v. U.S. BOP*, 52 F.3d 137, 138 (7th Cir. 1995); *Adams v. Beldsoe*, 173 F. App'x. 483, 484 (7th Cir. 2006). However, assuming *arguendo* that Petitioner may proceed under § 2241 and that the Court has jurisdiction to consider his Petition, he is still not entitled to the relief sought.

Under the Second Chance Act, 18 U.S.C. § 3624(c), the Bureau of Prisons ("BOP") has the authority to place inmates in community confinement facilities during the final portion of their sentences for up to 12 months. Specifically:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

*Id.* The amount of time to be allocated to each inmate is left to the considerable discretion of the BOP. *Pence v. Holinka*, 2009 WL 3241874, at *1 (W.D. Wis. Sept. 29, 2009), citing *Sessel v. Outlaw*, 2009 WL 1850331, at *4 (E.D. Ark. 2009); *Woods v. Wilson*, 2009 WL 2579241, at *2 (N.D. Ill. Aug. 19, 2009); *Daraio v. Lappin*, 2009 WL 303995 (D. Conn. Feb. 9, 2009) (BOP retains

discretion under the Second Chance Act to decide whether and when an inmate should be placed in a halfway house). In exercising this discretion, the BOP must make decisions on an individual basis considering the factors listed in 18 U.S.C. § 3621(b) in an effort to "ensure that placement in a community correctional facility . . . is . . . of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). Factors to be considered are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence was determined to be warranted or recommending a specific type of facility; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b).

Petitioner has failed to indicate whether the BOP has actually made a determination as to his eligibility for placement in an RRC for any amount of time. It is therefore unclear to this Court whether the issue Plaintiff brings in his Petition is ripe for review. With respect to Petitioner's request in his Petition that this Court make an RRC determination in place of the BOP, it will not, as it is not the role of this Court to conduct an independent review of the § 3621(b) factors and make a *de novo* determination as to Petitioner's placement in a halfway house. *See Deffenbaugh v. Krueger*, 2015 WL 362743 (C.D. Ill. Jan. 28, 2015).

Even if this issue were ripe for review, which seems unlikely given Petitioner is presently seeking a recommendation as to his placement, under the

Administrative Procedures Act, courts are only empowered to "compel agency action unlawfully withheld or unreasonably delayed" and to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706. *See also Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012) (the Court's review of the BOP's RRC placement decision is limited to an abuse of discretion).

Before a court can conduct this limited review, however, it must address the issue of exhaustion. Concerning the requirement to exhaust administrative remedies, the Seventh Circuit notes that there is no statutory exhaustion requirement in Section 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-19 (7th Cir.2004) (citing *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002)). "[W]here Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992).[1]

> Exhaustion may be excused when: (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

---

[1] As the Seventh Circuit notes in *Gonzalez*, *McCarthy* has been superseded by the PLRA to the extent it held that federal prisoners seeking monetary damages in a *Bivens* action are not required under 42 U.S.C. § 1997e to exhaust administrative remedies provided by the Bureau of Prisons. However, *McCarthy*'s principle that when exhaustion is not statutorily mandated, "sound judicial discretion governs," 503 U.S. at 144, remains good law, as does its further admonitions on how that discretion should be utilized. *See, e.g.*, *Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 570-73 (5th Cir.2001). *Gonzalez*, 355 F.3d 1010, 1016 n.5.

*Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002) (internal quotations and citations omitted).

Petitioner does not touch on the issue of exhaustion in his Petition. It is entirely unclear to what extent, if any, Petitioner has sought administrative resolution of his issues.[2] This Court suspects that, given Petitioner's request that this Court recommend a certain length of RRC time, or simply grant it in response to this Petition, Petitioner has not yet sought administrative remedies, much less exhausted them. The Court therefore cannot conclude that Petitioner has exhausted his administrative remedies, and in this instance, the Court shall not exercise its discretion to excuse exhaustion, as Petitioner has provided no allegations that would support such leniency. The Petition will therefore be denied for failure to exhaust.

In addition, Petitioner has not named the proper respondent in this habeas action. In a habeas corpus proceeding, an individual respondent who has the authority to bring the petitioner before the Court must be named. This individual is the prisoner's custodian, i.e., the warden of the prison where the inmate is confined. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 948–49 (7th Cir. 2006). Therefore, the instant Petition

---

[2] The procedures for administrative resolution of inmate complaints are set forth in 28 C.F.R. § 542.10, *et seq.* An inmate must first "informally" present a complaint to staff for resolution. 28 C.F.R. § 542.13(a). If the inmate is dissatisfied with the response, he must file a BP–9 (Request for Administrative Remedy) seeking administrative review with the warden within 20 days of the incident. *See* 28 C.F.R. § 542.14(a). If the warden does not satisfactorily resolve the grievance, the inmate has 20 days to file a BP–10 with the Bureau of Prisons' regional director. *See* 28 C.F.R. § 542.15(a). If the matter is not resolved by the regional director's disposition, the final level of appeal is to the Bureau of Prisons' general counsel, where a BP–11 must be filed within 30 days. *Id.*; *see also Massey v. Helman*, 259 F.3d 641, 643 (7th Cir. 2001).

shall be dismissed for failure to name an appropriate respondent as well.

## Disposition

For these reasons, the Court **DENIES** the Petition (Doc. 1) and **DISMISSES** Petitioner's claims without prejudice for failure to exhaust and failure to name an appropriate respondent.

**IT IS SO ORDERED.**

**DATED: May 19, 2017**

Judge Herndon
2017.05.19
07:59:37 -05'00'

_____
**United States District Judge**